

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| GEORGE BOATMAN (#K-61841) ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 08 C 3630 |
| v. ) | |
| ) | Hon. Charles R. Norgle |
| SHERIFF TOM DART, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

The plaintiff, currently a state prisoner, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff claims that the defendants, officials at the Cook County Jail, violated the plaintiff's constitutional rights by acting with deliberate indifference to his medical needs. More specifically, the plaintiff alleges that despite suffering from medical conditions (diabetes and neuropathy) which required that he wear shoes, and despite doctors' directives and a court order that he wear them, he was forced to go barefoot simply because the jail did not stock shoes in the plaintiff's large size. This matter is before the court for ruling on the defendants' motion to dismiss the amended complaint for failure to state a claim. For the reasons stated in this order, the motion is denied.

It is well established that *pro se* complaints are to be liberally construed. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); see also *McCormick v. City of Chicago*, 230 F.3d 319, 325 (7th Cir. 2000). Fact pleading is not necessary to state a claim for relief. *Thompson v. Washington*, 362 F.3d 969, 970-71 (7th Cir. 2004). Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to " 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.' " *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1964 (2007)

(quoting *Conley v. Gibson,* 355 U.S. 41, 47, (1957)). To satisfy the notice pleading requirements of Fed. R. Civ. P. 8(a)(2), the plaintiff need only state his legal claim and provide "some indication . . . of time and place." *Thompson,* 362 F.3d at 971. While a complaint challenged by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Bell Atlantic Corp.,* 127 S.Ct. at 1964 -65 (citations omitted).

In addition, when considering whether to dismiss a complaint for failure to state a claim upon which relief can be granted, the court takes the allegations in the complaint as true, viewing all facts–as well as any inferences reasonably drawn therefrom–in the light most favorable to the plaintiff. *Marshall-Mosby v. Corporate Receivables, Inc.,* 205 F.3d 323, 326 (7th Cir. 2000); *Bell Atlantic Corp.,* 127 S.Ct. at 1955 (citing *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 508, n. 1 (2002)). Dismissal should be denied whenever it appears that a basis for federal jurisdiction in fact exists or may exist and can be stated by the plaintiff. *Norfleet v. Vale,* No. 05 C 0926, 2005 WL 3299375, at *1 (N.D. Ill. Dec. 5, 2005) (Zagel, J.). A well-pleaded complaint may proceed even if it appears "that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Bell Atlantic Corp.,* 127 S.Ct. at 1965. Nevertheless, the factual allegations in the complaint must be enough to raise a right to relief above the speculative level. *Id.,* 127 S.Ct. at 1973-74 & n.14. Furthermore, a plaintiff can plead himself or herself out of court by pleading facts that undermine the allegations set forth in the complaint. *See, e.g., Kolupa v. Roselle Park Dist.,* 438 F.3d 713, 715 (7th Cir. 2006). The purpose of a motion to dismiss is to test the sufficiency of the complaint, not to decide the merits. *Weiler v. Household Finance Corp.,* 101 F.3d 519, 524 n. 1 (7th Cir. 1996) (citations omitted).

## FACTS

The plaintiff, currently a state prisoner, was a pretrial detainee at the Cook County Jail at all times relevant to this lawsuit. Defendant Tom Dart is the Cook County Sheriff. Defendant Diane Hargraves is the Sheriff's Chief of Staff. Defendants Salvador Godinez and Jocelyn Jackson are, respectively, the facility's director and superintendent. Defendant Barbara Davis is a physician's assistant at the jail (evidently, the amended complaint mistakenly labels her as a physician).

The plaintiff alleges the following facts, which must be accepted as true for purposes of the motion to dismiss: On February 14, 2008, the plaintiff arrived at the Cook County Jail. The plaintiff underwent a health screening as part of the admissions process.

During his medical evaluation, the plaintiff informed the examining physician about his health concerns, which included diabetes and associated neuropathy.

The plaintiff was given an inmate uniform; however, he was not provided with shoes because the Cook County Department of Corrections did not stock the plaintiff's large size (14 DD or 15).

The plaintiff alerted a sergeant (Caputo, not a defendant) about the dangers of someone suffering from his conditions not wearing shoes. Caputo provided the plaintiff with an extra pair of socks but told him that he could not give the plaintiff back his shoes.

The next day, the plaintiff complained, to no avail, to numerous officers about the pain he was experiencing due to the lack of shoes.

The plaintiff filed a grievance on February 18, 2008, but received no response. Thereafter, he filed multiple medical request slips and another grievance.

A doctor who responded to one of the plaintiff's missives advised him that the Department of Corrections had instructed him not to write orders for inmate shoes. The doctor

promised to increase the dosage of the plaintiff's pain medication but told him that he could not help him obtain shoes.

Another physician (or physician's assistant), defendant Davis, told the plaintiff essentially the same thing--that she could not prescribe shoes for the plaintiff. When the plaintiff asked her whether she realized that the plaintiff could potentially lose his feet if they should become infected, she admitted, "Yes."

In response to more grievances, defendant Jackson spoke with the plaintiff. Jackson reiterated that the facility had no shoes in the plaintiff's size. She additionally advised the plaintiff that he would need both a court order and a doctor's order to obtain from the jail's property department the athletic shoes the plaintiff had been wearing when he was arrested.

On April 21, 2008, the plaintiff had to go to court without footwear. The circuit judge issued an order requiring the Cook County Sheriff to provide the plaintiff with shoes. As a result, the plaintiff received a pair of size-12 shoes, which were too small for his feet. He filed yet another grievance to procure shoes in his proper size.

On an unspecified date, the plaintiff saw a foot doctor, who wrote a prescription for the plaintiff to receive his athletic shoes from the property department. When jail officials failed to comply with the doctor's order, the plaintiff filed another grievance. Defendants Jackson and Hargraves went to the see the plaintiff, giving him size 13 shoes, which did not fit. The plaintiff filed another grievance and wrote a letter to defendant Godinez, who never responded. The plaintiff also discussed his concerns with defendants Godinez and Jackson in person when he encountered them in a hallway.

On May 8, 2008, the plaintiff received notice that the grievance process had been finalized and that his myriad grievances were denied. The response, authored by defendant

Jackson, stated, "Detainee Boatman was told that he would need a prescription from a podiatrist along with a court order (of which he has neither) in order to wear athletic shoes."

On May 20, 2008, the Appeal Board affirmed the denial of the grievance even though the plaintiff had, in fact, obtained both a court order and a doctor's order for properly fitting shoes. The doctors' orders and the Cook County Circuit Court order are attached as exhibits to the amended complaint.

## **DISCUSSION**

Accepting the plaintiff's factual allegations as true, the court finds that the amended complaint states an actionable claim against the defendants. The plaintiff has articulated a prima facie case of deliberate indifference to a serious medical need and stated sufficient facts to show the personal involvement of administrative officials.

It is well-settled that the Due Process Clause prohibits deliberate indifference to the serious medical needs of a pretrial detainee. *Grieveson v. Anderson*, 538 F.3d 763, 775 (7th Cir. 2008); *Chapman v. Keltner*, 241 F. 3d 842, 845 (7th Cir. 2001). Deliberate indifference has both an objective and a subjective element: the inmate must have an objectively serious medical condition, and the health care provider must be subjectively aware of and consciously disregard the inmate's medical need. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Estelle v. Gamble*, 429 U.S. 97, 103-04 (1976); *Sherrod v. Lingle*, 223 F.3d 605, 610 (7th Cir. 2000).

The court will assume for purposes of this motion that the plaintiff's need for proper footwear amounted to a "serious" medical need. A medical condition "that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would perceive the need for a doctor's attention" may constitute a serious medical need. *Edwards v.*

*Snyder*, 478 F.3d 827, 830-831 (7th Cir. 2007)[1] (*quoting Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). Diabetes is unarguably a serious medical condition. *See, e.g., Egebergh v. Nicholson*, 272 F.3d 925, 928 (7th Cir. 2001). As one of the defendants acknowledged, it is well known that diabetes and related neuropathy could result in the loss of toes or even limbs if an injury to the feet were to become infected. Indeed, both a judge and health care providers recognized the potential dangers associated with a foot injury and ordered that the plaintiff be provided with proper footwear. Because the plaintiff describes a serious medical need for shoes, the objective component is satisfied.

The plaintiff has also sufficiently pleaded the subjective component. To satisfy the subjective prong of deliberate indifference, the plaintiff must allege that the defendant in question was aware of and consciously disregarded the inmate's medical need. *Farmer*, 511 U.S. at 837; *Estelle*, 429 U.S. at 103-04; *Sherrod*, 223 F.3d at 610. Here, the plaintiff alleges that the defendants--despite court orders and doctors' permits--virtually ignored his repeated requests for proper shoes for months, thereby subjecting him to pain and exposing him to serious harm. *See, e.g., Williams v. Liefer*, 491 F.3d 710, 716 (7th Cir. 2007) (a jury could have concluded that a delay in medical treatment unnecessarily prolonged the plaintiff's pain and may have exacerbated his medical condition); *see also Gil v. Reed*, 381 F.3d 649, 662 (7th Cir. 2004) (recognizing that "hours of needless suffering" can constitute compensable harm).

The plaintiff has also alleged the direct, personal involvement of each of the five named defendants. Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under § 1983, an individual defendant must have caused or

---

[1] The court is citing certain Eighth Amendment cases in this order. The same standard of deliberate indifference applies to claims brought under the Fourteenth Amendment. *See, e.g., Grieveson v. Anderson*, 538 F.3d 763, 771-72 (7th Cir. 2007).

participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted). The doctrine of *respondeat superior* (blanket supervisory liability) does not apply to actions filed under 42 U.S.C. § 1983. *See Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001). To be held liable under 42 U.S.C. § 1983, supervisors "must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see. They must in other words act either knowingly or with deliberate, reckless indifference." *Chavez v. Illinois State Police*, 251 F.3d 612, 651 (7th Cir. 2001) (citations omitted). *Id.* In short, some causal connection or affirmative link between the action complained about and the official sued is necessary for § 1983 recovery. *Hildebrandt v. Illinois Dept. of Natural Resources*, 347 F.3d 1014, 1039 (7th Cir. 2003).

The case at bar does not present a scenario where administrative officials are insulated from liability because the plaintiff was receiving ongoing treatment from health care professionals. *Contrast Johnson v. Snyder*, 444 F.3d 579, 586 (7th Cir. 2006) (fact that plaintiff's medical needs were being addressed by the medical staff rendered the warden non-responsible) with *Reed v. McBride*, 178 F.3d 849, 854-56 (7th Cir. 1999) (warden was required to act where officials allegedly denied an inmate life-sustaining medication and food). Here, correctional officials are alleged to have obstructed health care accommodations specifically requested by the medical staff.

The plaintiff has set forth facts outlining how the denial of shoes can be attributed to each named defendant. With respect to defendant Dart, a court order was issued to Sheriff Dart enjoining him to provide the plaintiff with shoes; Dart allegedly ignored the court order. While it is true that the violation of a court order is not necessarily a constitutional violation, *Hudson v. Hedge*, 27 F.3d 274, 276 (7th Cir. 1994), the court order should have put Dart on notice that the plaintiff had a medical need that was not being met. According to the amended

complaint, the plaintiff also wrote to, and spoke to, defendants Godinez, Hargraves, and Jackson, each of whom personally saw that the plaintiff was barefooted.

In addition, Jackson and Hargraves purportedly signed off on the grievances denying the plaintiff shoes.[2] There is no constitutional right to the satisfactory resolution of institutional grievances. *Grieveson v. Anderson*, 538 F.3d 763, 772 (7th Cir. 2008); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430-31 (7th Cir. 1996). Nevertheless, prison officials may be held liable for failing to respond to violations of a prisoner's constitutional rights that come to his or her attention via the grievance process. *See Vance v. Peters*, 97 F.3d 987, 993 (7th Cir. 1996); *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995); *Verser v. Elyea*, 113 F. Supp. 2d 1211, 1215 (N.D. Ill. 2000) (Bucklo, J.).

In *Burks v. Raemisch*, 555 F.3d 592 (7th Cir. 2009), the U.S. Court of Appeals for the Seventh Circuit affirmed the dismissal of grievance officials, whose only role was to forward grievances to the health care unit for resolution, and whom the plaintiff could not reasonably blame for any deficiencies on the part of the medical staff. In the case at issue, in contrast, the defendants are alleged specifically to have ignored doctors' orders. Because Dart, Godinez, Jackson, and Hargraves were all made aware of the plaintiff's situation, and because each of those individuals could easily have either ordered new shoes or recalled the plaintiff's own shoes from the property department, the plaintiff has a viable cause of action against them for acting with deliberate indifference to his medical needs.

The record will also require further development concerning the personal involvement of health care provider Barbara Davis. The defendants maintain in their brief that Davis is a

---

[2] As a general rule, a plaintiff may assert additional facts in his response to a motion to dismiss, so long as the new allegations are consistent with the original pleading. *See Brokaw v. Mercer County*, 235 F.3d 1000, 1006 (7th Cir. 2000); *Forseth v. Village of Sussex*, 199 F.3d 363, 368 (7th Cir. 2000).

physician's assistant and not a medical doctor, and that she provided assistance to the best of her limited abilities. However, as these assertions must be supported by an affidavit, they should be presented in a motion for summary judgment. It is not clear at this early stage of the proceedings whether a physician's assistant would have the authority to authorize a permit for shoes, or at least to convey that need to a physician who had the power to do so. Consequently, the motion to dismiss is also denied as to defendant Davis, without prejudice to filing a motion for summary judgment.

As a final concern, the plaintiff is advised an that an inmate generally cannot recover compensatory damages without physical injury. Title 42, United States Code, Section 1997e(e) provides that "[n]o Federal civil action may be brought by a prisoner . . . for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e); see also Zehner v. Trigg, 133 F.3d 459, 462-63 (7th Cir. 1997) (upholding as constitutional the PLRA limitation that forbids recovery for mental or emotional damages without a prior showing of physical injury). The plaintiff is not entitled to damages for harm that might have occurred but did not. In order ultimately to prevail in this case, the plaintiff will have to demonstrate that he suffered an actual injury as a result of being denied shoes.

In sum, the amended complaint survives scrutiny under Fed. R. Civ. P. 12(b)(6). The plaintiff's allegations are sufficient to state a claim against each of the named defendants. Accordingly, the defendants' motion to dismiss the amended complaint for failure to state a claim is denied. This case is referred to Magistrate Judge Jeffrey Cole for the purpose of exploring whether this case may be a candidate for the court's Settlement Assistance Program for Pro Se Litigants.

## CONCLUSION

For the foregoing reasons, the plaintiff's motion "to dismiss" the defendants' motion to dismiss [#46] is granted. The defendants' motion to dismiss [#41] is denied. The defendants are directed to answer or otherwise plead within twenty-one days of the date of this order. This case is referred to Magistrate Judge Jeffrey Cole for the purpose of conducting settlement proceedings.

Enter: _____
CHARLES R. NORGLE
United States District Judge

Date: 4-20-09